UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL KRAMER, ) | |
| ) | |
| Petitioner-Defendant, ) | |
| ) | |
| v. ) | Case No. 21-cr-30076 |
| ) | 24-cv-3003 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent-Plaintiff. ) | |

ORDER AND OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is Petitioner-Defendant Daniel Kramer's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 48). Kramer argues he received ineffective assistance of counsel at sentencing. This matter is now before the Court for preliminary review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. As explained below, because it plainly appears from the Petition that the Petitioner is not entitled to relief, the Court SUMMARILY DISMISSES Petitioner's § 2255 Motion (d/e 48) and DECLINES to issue a certificate of appealability.

## I.  BACKGROUND

On December 7, 2021, Kramer was charged in a three count indictment with: Possession of 50 Grams or More of Actual Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count One); Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(i) (Count Two); and Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count Three).  Indictment, Doc. 1.  Kramer entered an open guilty plea on June 16, 2022, to all three counts.  June 16, 2022 Minute Entry.

The statutory imprisonment ranges for the three offenses were: a mandatory minimum of ten years imprisonment and a maximum of life imprisonment on Count One, 21 U.S.C. § 841(b)(1)(A), a mandatory five year sentence to be served consecutive to any other counts on Count Two, 18 U.S.C. §§ 924(c)(1)(A)(i), and a maximum term of ten years of imprisonment on Count Three, 18 U.S.C. §§ 922(g)(1).  Accordingly, pursuant to statute, Kramer's total mandatory minimum sentence for his combined offenses was fifteen years of imprisonment.

On October 18, 2022, the Court sentenced Kramer to a total of 180 months' imprisonment (or fifteen years), consisting of 120 months on Counts One and Three, and 60 months on Count Two to be served consecutively. Amended Judgment, Doc. 42. Kramer did not file an appeal.

On July 10, 2023, Kramer filed a Motion to Reopen Case, Doc. 44, asking the Court to "disagree with the actual methamphetamine Guidelines on policy grounds and sentence him to the statutory minimum sentence." The Court informed Kramer that he did receive the statutory minimum sentence, but asked whether he wanted the Court to construe his motion as a habeas corpus motion. July 14, 2023 Text Order. Kramer did not respond, and the Court later denied the motion. See November 21, 2023 Text Order.

On January 3, 2024, Kramer filed this Motion to Vacate under 28 U.S.C. § 2255, Doc. 48.[1] He claims his attorney was ineffective

---

[1] The Court also notes that this Motion is untimely under 28 U.S.C. § 2255(f). However, the time bar is "not a jurisdictional requirement, but rather an affirmative defense" and courts "are under no obligation to raise the time bar *sua sponte*." Anderson v. United States, 981 F.3d 565, 571 (7th Cir. 2020) (internal quotations omitted). The Court does not find it appropriate to raise the time bar *sua sponte* without giving Petitioner an opportunity to respond. And, in this case, the Court finds Petitioner's claims meritless regardless.

for not arguing that the Court should disagree with the actual methamphetamine Guidelines on policy grounds. He also appears to be seeking compassionate release. This Order now follows.

## II. LEGAL STANDARD

Section 2255, "the federal prisoner's substitute for habeas corpus," Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to request that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (quotation marks omitted).

Kramer's motion argues that he received ineffective assistance of counsel. The Sixth Amendment guarantees criminal defendants effective assistance of counsel. Strickland v. Washington, 466 U.S.

668, 684-86 (1984).  Under Strickland's two-part test, a petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result.  Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015).  Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 690.  A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail.  United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

### III.  DISCUSSION

Kramer claims that his attorney should have argued for a deviation from the guidelines for policy reasons.  Even if Kramer could show that his counsel's arguments in mitigation at sentencing were deficient, he did not suffer any prejudice.  Kramer was sentenced to the mandatory minimum sentence available to him pursuant to statute: a mandatory minimum of ten years

imprisonment on Count One, see 21 U.S.C. § 841 (b)(1)(A), and a mandatory consecutive five years of imprisonment on Count Two, see 18 U.S.C. § 924(c)(1)(A)(i), for a total of fifteen years imprisonment. Nothing Kramer's attorney could have argued would have given the Court discretion to impose a lower sentence. Accordingly, Kramer's ineffective counsel claim must be denied.

The Court also notes that Kramer states he is seeking compassionate release. Kramer is informed that compassionate release is a separate mechanism and cannot be addressed within the bounds of a § 2255 motion. If Petitioner wishes to file a compassionate release motion, he must do so pursuant to 18 U.S.C. § 3582.

### IV. CERTIFICATE OF APPEALABILITY

If Kramer seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a

showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). Here, the Court does not find that reasonable jurists could find that Kramer's claim of ineffective assistance of counsel at sentencing has merit. Accordingly, the Court DECLINES to issue a certificate of appealability.

## V.  CONCLUSION

For the reasons stated above, the Court SUMMARILY DISMISSES Petitioner Daniel Kramer's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 48). The Court DECLINES to issue a Certificate of Appealability. The Clerk is DIRECTED to prepare the Judgment and close the accompanying administrative case 24-cv-3003.

Signed on this 12th day of January 2024.

/s/ Sue E. Myerscough
Sue E. Myerscough
United States District Judge