# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL KRAMER, | ) |
| Petitioner-Defendant, | ) |
| v. | ) No. 21-cr-30076 |
| | ) 24-cv-03183 |
| UNITED STATES OF AMERICA, | ) |
| Respondent-Plaintiff. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, United State District Judge**

Before the Court is Petitioner-Defendant Daniel Kramer's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 52). Kramer argues the Court should reopen his case based on newly discovered evidence and deviate from the United States Sentencing Guidelines. This matter is now before the Court for preliminary review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. As explained below, because it plainly appears from the Petition that the Petitioner is not entitled to relief, the Court SUMMARILY DISMISSES Petitioner's § 2255 Motion (d/e 52) and DECLINES to issue a certificate of appealability.

## I. BACKGROUND

On December 7, 2021, Kramer was charged in a three count indictment with: Possession of 50 Grams or More of Actual Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count One); Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(i) (Count Two); and Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count Three).  Indictment, d/e 1.  Kramer entered an open guilty plea on June 16, 2022, to all three counts.  See June 16, 2022 Minute Entry.

The statutory imprisonment ranges for the three offenses were: a mandatory minimum of ten years imprisonment and a maximum of life imprisonment on Count One, 21 U.S.C. § 841(b)(1)(A), a mandatory five year sentence to be served consecutive to any other counts on Count Two, 18 U.S.C. §§ 924(c)(1)(A)(i), and a maximum term of ten years of imprisonment on Count Three, 18 U.S.C. §§ 922(g)(1).  Accordingly, pursuant to statute, Kramer's total mandatory minimum sentence for his combined offenses was fifteen years of imprisonment.

On October 18, 2022, the Court sentenced Kramer to a total of 180 months' imprisonment (or fifteen years), consisting of 120 months on Counts One and Three, and 60 months on Count Two to be served consecutively. See Amended Judgment, d/e 42. Kramer did not file an appeal.

On July 10, 2023, Kramer filed a Motion to Reopen Case, d/e 44, asking the Court to "disagree with the actual methamphetamine Guidelines on policy grounds and sentence him to the statutory minimum sentence." The Court informed Kramer that he did receive the statutory minimum sentence, but asked whether he wanted the Court to construe his motion as a habeas corpus motion. See July 14, 2023 Text Order. A copy of the text order was mailed to Kramer. Kramer did not respond, and the Court later denied the motion. See November 21, 2023 Text Order. A copy of this text order was also mailed to Kramer.

On January 3, 2024, Kramer filed a Motion to Vacate under 28 U.S.C. § 2255, claiming his attorney was ineffective for not arguing that the Court should disagree with the actual methamphetamine Guidelines on policy grounds. d/e 48. On January 12, 2024, the Court summarily dismissed Kramer's Motion to Vacate under 28

U.S.C. § 2255 and declined to issue a Certificate of Appealability. d/e 49.

On July 3, 2024, Kramer submitted a letter responding to the November 21, 2023 Text Order. d/e 51. Kramer stated that he did not receive a copy of the July 14, 2023 Text Order and that he would like the Court to construe his Motion to Reopen Case (d/e 44) as a Motion to Vacate under 28 U.S.C. § 2255 motion for "ineffective assistance of counsel on two meritorious issues." d/e 51.[1] The Court docketed the attached motion in Kramer's letter as a Motion to Vacate under 28 U.S.C. § 2255. d/e 52. He claims his attorney was ineffective for not arguing that: (1) the Court should disagree with the actual methamphetamine Guidelines on policy grounds and (2) the search of his home was illegal and should have been suppressed. This Order now follows.

---

[1] The Court also notes that this Motion is untimely under 28 U.S.C. § 2255(f). However, the time bar is "not a jurisdictional requirement, but rather an affirmative defense" and courts "are under no obligation to raise the time bar *sua sponte*." Anderson v. United States, 981 F.3d 565, 571 (7th Cir. 2020) (internal quotations omitted). The Court does not find it appropriate to raise the time bar *sua sponte* without giving Petitioner an opportunity to respond. And, in this case, the Court finds Petitioner's claims meritless regardless.

## II. LEGAL STANDARD

Section 2255, "the federal prisoner's substitute for habeas corpus," Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to request that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Relief under § 2255 is appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (quotation marks omitted).

Kramer's motion argues that he received ineffective assistance of counsel.  The Sixth Amendment guarantees criminal defendants effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684-86 (1984).  Under Strickland's two-part test, a petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result.  Vinyard v. United States, 804

F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 690. A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim cannot succeed. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

### III. ANALYSIS

Kramer first repeats the previously denied claim that his attorney should have argued for a deviation from the guidelines for policy reasons. For the same reasons stated in the Court's January 12, 2024 Order and Opinion, the Court denies Kramer's ineffective counsel claim of failing to disagree with the actual methamphetamine Guidelines on policy grounds. See d/e 49.

Kramer also argues that his attorney failed to argue that the search of his home was illegal and the evidence obtained from the search should have been suppressed. Specifically, Kramer appears

to contend that officers exceeded the scope of the search warrant by searching his gun safe. He argues that all evidence obtained from the search of a gun safe inside his home should have been suppressed. d/e 52, p. 11. Kramer asserts that law enforcement searched his home at 100 Earel Camp Road, Quincy, Illinois, on or about September 16, 2021, and that as a result of that search, an indictment was filed on September 23, 2021 in the Circuit Court of the Eighth Judicial Circuit, Adams County, Illinois, charging Kramer with three counts. d/e 52, p. 3. Kramer argues that no search warrant had been filed as of October 25, 2021. Id. The results of the search resulted in the federal charges in the Central District of Illinois, and eventually, his conviction. d/e 42.

Kramer's motion also contains a copy of the search warrant submitted by Inspector Justin Ebbing seeking the search of Kramer's person as well as his home at 100 Earel Camp Road, Quincy, Illinois, described as an elevated "river camp." Id. at p. 4. Kramer's motion also contains an order by a judge of the Circuit Court of Adams County granting the search warrant on September 14, 2021, incorporating the incomplete affidavit of Inspector Ebbing. Id. At the time Inspector Ebbing requested the search

warrant, he had been a full-time police officer for approximately eight years and had investigated over two hundred drug cases. d/e 52, p. 5. In July 2021, Inspector Ebbing received a call from Sgt. Cody Cook, who received information from a confidential source that advised a person was traveling to Quincy, IL to purchase methamphetamine from a subject named "Dan" who lived in a river camp north of Quincy. Id. Inspector Ebbing spoke again with Sgt. Cody Cook, who identified the subject as Daniel Kramer. Id. In August 2021, Inspector Ebbing spoke with the confidential source who advised they could purchase methamphetamine directly from Kramer. Id. at pp. 5–6. The confidential source also showed Inspector Ebbing Kramer's residence at 100 Earel Camp Road. Id. at p. 6. In August 2021, agents with the West Central Illinois Task Force conducted a controlled purchase with the confidential source of over 50 grams of methamphetamine from Kramer. Id. Another controlled purchase for less than 15 grams of methamphetamine was made from Kramer. Id.

    The Court finds that the search warrant appropriately encompassed the search of the gun safe at his residence. The Fourth Amendment requires that all search warrants describe with

particularity the place to be searched and the persons or items to be seized, which seeks to eliminate an officer's discretion in determining the scope of the search.  United States v. Sims, 553 F.3d 580, 582 (7th Cir. 2009).  The search warrant in this cause authorized law enforcement to search Kramer's residence for "methamphetamine, drug paraphernalia, drug equipment, records of sales, US currency, cell phones, official advanced funds, and proof of residency . . . which have been used in the commission of, or which constitute evidence of the offense of [u]nlawful delivery of methamphetamine."  d/e 52, p. 4.  However, "[a] lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search."  United States v. Mancari, 463 F.3d 590, 596 (7th Cir. 2006) (quoting United States v. Ross, 456 U.S. 798, 820–21 (1982)).  The fact that firearms or a gun safe were not specifically mentioned in the search warrant does not place them outside of the scope of that search warrant.

Moreover, even if evidence is seized in an area later determined to be outside the scope of the warrant, suppression is

not necessary if, in light of the circumstances at the time of the search and the limitations in the warrant, the execution of the search in that area was reasonable. Maryland v. Garrison, 480 U.S. 79, 88 (1987); United States v. Aljabari, 626 F.3d 940, 947 (7th Cir. 2010). Considering Inspector Ebbing's experience and training, the confidential source, and the two controlled buys, based on the totality of the circumstances detailed in the affidavit, the search of the gun safe located on Kramer's property was reasonable in light of the circumstances at the time of the search warrant's execution. Indeed, "[i]t is widely acknowledged that guns are 'tools' of the trade" in the drug business. United States v. Turner, 93 F.3d 276, 289 (7th Cir. 1996).

Even if Kramer's attorney had filed a motion to suppress the evidence found in the gun safe and seized from 100 Earel Camp Road, the Court would have denied the motion. Accordingly, Kramer's ineffective counsel claim for failure to argue that the search of the gun safe at his home was illegal and should have been suppressed must be denied.

## IV. REQUEST FOR COUNSEL

Kramer also requests counsel. While parties seeking post-conviction relief under 28 U.S.C. § 2255 are not entitled to counsel, a court may appoint counsel for financially eligible § 2255 petitioners if it "determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B). See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Kramer has not provided any details on why he should be appointed counsel. The Court notes that Kramer was well aware of the basis of his claims and advanced coherent arguments in support of his claims. His briefing shows that he has sufficient understanding of the law and the facts of this case.

Appointing counsel would not aid the Court in understanding Kramer's claims, nor otherwise be in the interests of justice. Accordingly, the Court denies Kramer's request for counsel. See Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (finding that "[t]he district court acted well within its discretion in denying [the petitioner's] request for appointed counsel" pursuant to 18 U.S.C. § 3006A(a)(2)(B) where the petitioner's "claims were not particularly complex," he "had litigated many similar claims before," and he "appeared to be informed about the facts and proceedings, was able

to express himself in an understandable fashion, and showed no particular impediment to his trying the case himself").

## V. CERTIFICATE OF APPEALIBILITY

If Kramer seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Court does not find that reasonable jurists could find that Kramer's claim of ineffective assistance of counsel at sentencing has merit. Accordingly, the Court DECLINES to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated above, the Court SUMMARILY DISMISSES Petitioner Daniel Kramer's Motion to Vacate, Set Aside,

or Correct Sentence Under 28 U.S.C. § 2255 (d/e 52). The Court DECLINES to issue a Certificate of Appealability. The Clerk is DIRECTED to prepare the Judgment and close the accompanying administrative case 24-cv-3183.

**IT IS SO ORDERED.**
**ENTERED: July 16, 2024.**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**